UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| $18,329.00 UNITED STATES CURRENCY, | § | |
| Defendant. | § | |
| | § | |

## COMPLAINT FOR FORFEITURE IN REM

The United States of America (United States) files this action for forfeiture and alleges upon information and belief:

Nature of the Action

This is an action to forfeit property to the United States.

Defendant in Rem

1.  The Defendant is $18,329.00 in United States currency ("Defendant currency") seized from Jose Alberto Bocanegra, Jr. ("Bocanegra"), at the Houston Bus Terminal in Houston, Texas, on or about August 14, 2017.  Defendant currency was located inside a backpack carried by Bocanegra.  Defendant currency was rubber-banded together and wrapped inside clear plastic cellophane and further wrapped with blue colored painter's tape.

2.  Defendant currency is on deposit in the United States Marshal Service seized asset deposit fund account located at a Federal Reserve Bank and will remain in the custody of the United States Marshals Service for the Southern District of Texas.

3.  Bocanegra filed a claim with the United States Drug Enforcement Administration ("DEA") contesting the administrative forfeiture of the Defendant currency.  Bocanegra stated in his claim that he is the owner of the Defendant currency.

## Jurisdiction and Venue

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395.

## Statutory Basis for Forfeiture

Title 21 U.S.C. § 881(a)(6) provides for the forfeiture of money and other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate a violation of the Controlled Substances Act.

## Facts

4. On August 14, 2017, law enforcement officers assigned to the High Intensity Drug Trafficking Area ("HIDTA") task force in Houston, Texas, were working at the Houston Bus Terminal located at 820 Lockwood Boulevard in Houston when they noticed Bocanegra getting off a bus. The officers approached Bocanegra and began speaking with him.

5. During the conversation, the officers indicated that they worked in the area of narcotics, and told Bocanegra that they look for passengers traveling with illegal drugs and/or large sums of money. Bocanegra stated that he understood.

6. The officers asked Bocanegra if they could search his luggage and backpack, and Bocanegra agreed.

7. While searching the backpack, the officers located Defendant currency inside the backpack. Defendant currency was bundled together with rubber bands and was also wrapped in clear plastic cellophane. The bundled and wrapped currency was also wrapped in blue colored painter's tape.

8. The officers asked Bocanegra how he obtained Defendant currency, and Bocanegra stated that he had just sold a car. Bocanegra, however, did not know the name of the person to whom he sold the car, and did not have any paperwork to document the sale of the car.

9. The officers had a narcotics detection canine check Defendant currency, and the canine alerted to the odor of controlled substances on Defendant currency.

10. Defendant currency was in the following denominations:

```
83  = $100 bills ($8,300)
501 = $50 bills ($10,020)
9   = $1 bills ($9)
Total = $18,329
```

11. Defendant currency was furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq., is proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

Notice to Any Potential Claimants

YOU ARE HEREBY NOTIFIED that if you assert an interest in Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002, and a copy must be served upon the undersigned

Assistant United States Attorney at United States Attorney's Office, 1000 Louisiana, Suite 2300, Houston, Texas 77002.

## Conclusion

The United States requests a judgment of forfeiture forfeiting Defendant currency to the United States with such other relief to which the United States may be entitled.

Respectfully submitted,

RYAN K. PATRICK
UNITED STATES ATTORNEY

By: *s/ E. Vincent Carroll*
E. Vincent Carroll
Assistant United States Attorney
United States Attorney's Office
1000 Louisiana, Suite 2300
Houston, TX 77002
Telephone: (713) 567-9000
Fax: (713) 718-3300

## Verification

I, William D. Covey, a Special Agent employed by the Drug Enforcement Administration (DEA), hereby verify under the penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in the foregoing Complaint For Forfeiture In Rem are based upon either personal knowledge or from information, reports, or records obtained during investigation and from other law enforcement personnel, and are true and correct to the best of my knowledge and belief.

Executed on the 18th Day of January, 2018.

William D. Covey
Special Agent, Drug Enforcement Administration